1
2
3
4
5
6
7



8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11    HUEY P. CROWLEY,                    Case No. CV 13-3588
12                    Plaintiff,          (PROPOSED)
13              v.                        ORDER SUMMARILY REMANDING
                                          IMPROPERLY-REMOVED ACTION
14    MARCUS BERRY, et al.,
15                    Defendants.
16

17        The Court summarily remands this unlawful detainer action to state court
18    because Defendant removed it improperly.
19        On May 20, 2013, Defendant Nakia S. Porter-Berry, having been sued in
20    what appears to be a routine unlawful detainer action in California state court,
21    signed and lodged a Notice of Removal ("Notice") of the action to this Court with
22    an attached exhibit, including a Complaint for Unlawful Detainer ("Notice Ex. A"),
23    and also presented an application to proceed *in forma pauperis*. The Court has
24    denied the latter application under separate cover because the action was not
25    properly removed. To prevent the action from remaining in jurisdictional limbo,
26    the Court issues this Order to remand the action to state court.
27
28

1    Simply stated, Plaintiff could not have brought this action in federal court in
2 the first instance, in that no basis for original federal jurisdiction appears from the
3 complaint, and the Notice of Removal does not competently allege facts supporting
4 either diversity or federal-question jurisdiction; Therefore, removal is improper.
5 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S.
6 546, 563 (2005).  Specifically, there does not appear to be complete diversity of
7 citizenship of the parties, and even if there was, the amount in controversy alleged
8 does not exceed the diversity-jurisdiction threshold of $75,000 (*i.e.*, the amount
9 demanded allegedly "does not exceed $10,000").  (Notice Ex. A at 3); see 28
10 U.S.C. §§ 1332, 1441(b).  In any event, Defendant could not properly remove the
11 action on the basis of diversity jurisdiction because she lives in California, the
12 forum state.  See 28 U.S.C. § 1441(b)(2).

13    Nor does Plaintiff's unlawful detainer action raise any federal legal question.
14 See 28 U.S.C. §§ 1331, 1441(b).  Plaintiff alleges only a claim for unlawful
15 detainer for non-payment of rent, a California state law action, Cal. Code Civ. P.
16 § 1161a.  See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal.
17 Nov. 22, 2010) ("[A California] unlawful detainer action does not arise under
18 federal law.").  Although Defendant attempts to raise a federal question based on
19 her defense asserted in Plaintiff's unlawful detainer action (Notice at 2-3), removal
20 jurisdiction cannot be based upon a defendant's defenses or counterclaims.  See
21 Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[A] case may *not* be
22 removed to federal court on the basis of a federal defense.").

23    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
24 Los Angeles County Superior Court, Inglewood Courthouse, One Regent Street,
25 Inglewood, CA 90301, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
26 ///
27 ///
28 ///

2

§ 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and
(3) the Clerk serve copies of this Order on the parties.

   IT IS SO ORDERED.

DATED: _____5/28/13_____

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATE MAGISTRATE JUDGE

3